**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> Plaintiff, <br><br> v. <br><br> **[29] DAVID GARCÍA PAGÁN,** <br> Defendant. | Criminal No. 16-440 (PAD) |

**REPORT AND RECOMMENDATION
ON RULE 11(c)(1)(B) CHANGE OF PLEA HEARING**

**I.     Procedural Background**

On July 12, 2016, Defendant David García-Pagán was charged by a Grand Jury in a six-count indictment. Defendant agrees to plead guilty to Counts One and Six of the Indictment; conspiracy to possess with intent to distribute controlled substances and possessing firearms in furtherance of drug trafficking crime.

Count One of the Indictment charges that, beginning no later than the year 2009 and continuing up to and until the return of the Indictment, in the Municipality of Carolina and other areas nearby, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, David García Pagán, did knowingly and intentionally combine, conspire, and agree with co-defendants and other diverse persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to possess with intent to distribute controlled substances, to wit: of two-hundred and eighty (280) grams or more of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule

USA v. David García Pagán
Cr. No. 16-440 (PAD)
Report and Recommendation on Guilty Plea

I, Narcotic Drug Controlled Substance; five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; one hundred (100) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; all within one thousand (1,000) feet of the real property comprising the Sabana Abajo Public Housing Project, a housing facility owned by a public housing authority, and other areas nearby and within the Municipality of Carolina, Puerto Rico. All in violation of Title 21 United States Code Sections 841(a)(1), 846 and 860.

Count Six of the Indictment charges that, beginning on a date unknown, but no later that in or about the year 2009, and continuing up to and until the return of the instant Indictment, in the Municipality of Carolina, District of Puerto Rico and within the jurisdiction of this Court, David García-Pagán and co-defendants, aiding and abetting each other, did knowingly and unlawfully possess firearms, as the term is defined in Title 18, United States Code, Section 921(a)(3), in furtherance of a drug trafficking crime for which the person may be prosecuted in a court of the United States as charged in counts One through Five of the Indictment. All in violation of Title 18, United States Code, §924(c)(1)(A).

The United States of America and Defendant entered into a Plea and Forfeiture Agreement. Docket No. 2223. See also revised Plea and Forfeiture Agreement at Docket No. 2269. Pursuant to the Plea and Forfeiture Agreement, Defendant agreed to plead guilty as to Counts One and Six of the Indictment. However, his agreement as to Count One is for a stipulated amount of at least 400 grams but less than 500 grams of cocaine. On March 4, 2021, Defendant moved for a change of plea. Docket No. 2193. On April 12, 2021, Defendant appeared before this Court for a change of plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. See United States v. Woodward, 387 F. 3d. 1329 (11th Cir. 2004) (holding that a magistrate judge may, with the defendant's consent, conduct a Rule 11 change of plea hearing). Defendant was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful because otherwise he could be charged with perjury.

**II.      Consent to Proceed Via Video Conference**

Defendant was advised of his right to have the hearing under Rule 11 of the Federal Rules of Criminal Procedure in person and open court. However, he was also advised that, because of the national emergency caused by the COVID-19 pandemic, the hearing could not be held in

2

person without seriously jeopardizing public health and safety. See *In re Corona Virus (COVID-19) Public Emergency Miscellaneous Order*, 3:20-mc-0088 (D.P.R. March 31, 2020) (implementing Coronavirus Aid, Relief and Economic Security Act, H.R. 748 ["CARES Act"], authorizing video conferencing under certain circumstances).

Per the above, during the proceeding, the Court, the prosecutor, defense counsel, the interpreter and the courtroom deputy all appeared by video conference. Defendant was asked for his consent to proceed via video conference. Defendant expressed to have had the opportunity to discuss the matter with his attorney and consented to appearing via video conference. See also Docket No. 2221. Defendant's image and voice were clear, and Defendant could always clearly see and hear the Court and the attorneys. As a result, and pursuant to the CARES Act, the change of plea hearing was held by video conference.

### III. Consent to Proceed Before a Magistrate Judge

Defendant was advised of his right to hold all proceedings, including this change of plea hearing, before a district court judge. An explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge was provided. Defendant was informed that, if he elects to proceed before a magistrate judge, the magistrate judge would conduct the hearing and prepare a report and recommendation, subject to the review and approval of the district judge.

Defendant was asked whether he consented to having the change of plea hearing before the undersigned, a magistrate judge, and was advised of the content of a document titled *Waiver of Right to Trial by Jury*. Defendant expressed that he understood the consequences of agreeing to proceed before a magistrate judge and that he agreed to proceed before a magistrate judge. Defendant's attorney informed that he would have Defendant sign and file the *Waiver of Right to Trial by Jury*. The *Waiver of Right to Trial by Jury* was signed by Defendant and submitted at Docket No. 2264 The Court thus found that Defendant voluntarily consented to proceed before a magistrate judge and approved Defendant's consent.

### IV. Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal crime violations. Pursuant to Rule 11, for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v.

Hernández Wilson, 186 F. 3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea'". United States v. Cotal-Crespo, 47 F. 3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U. S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea.

### A. Competence to Enter a Guilty Plea

The Court questioned Defendant about his age, education, employment, history of any treatment for mental illness or addiction, use of any medication, drugs or alcohol, and his understanding of the purpose of the hearing, in order to ascertain his capacity to understand, answer and comprehend the change of plea colloquy. The Court confirmed that Defendant received the Indictment and fully discussed the charges with his attorney, and that he was satisfied with the advice and representation he received. The Court further inquired whether Defendant's counsel or counsel for the Government had any reservations as to Defendant's capacity to plead, receiving answers from both that Defendant was competent to enter a plea. After considering Defendant's responses, and observing his demeanor, a finding was made that Defendant was competent to plead and fully aware of the purpose of the hearing.

### B. Plea Agreement

Defendant was shown his plea agreement through the computer and he identified his initials and signatures. He confirmed that he had the opportunity to read and discuss the plea agreement and plea agreement supplement with his attorney, that his attorney translated both the plea agreement and the plea agreement supplement before he signed the plea agreement, that the plea agreement represented the entirety of his understanding with the Government, that he understood its terms, and that no one had made any other or different promises or assurances to induce him to plead guilty. He was also explained the purpose of the plea agreement supplement and he acknowledged having discussed it with his attorney. Counsel for the Government described the essential elements of the plea agreement, including stipulations pertaining to the Sentencing Guidelines and any sentencing recommendations. Counsel for the defense agreed with the Government's description of the terms and recommendations, and so did Defendant.

USA v. David García Pagán
Cr. No. 16-440 (PAD)
Report and Recommendation on Guilty Plea

Defendant was then admonished, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), that the terms of the plea agreement are merely recommendations to the Court, and that the District Judge who will preside over the sentencing hearing can reject the recommendations without permitting Defendant to withdraw his guilty plea. And that the District Judge could impose a sentence that is more severe than what Defendant might anticipate. Defendant expressed full understanding of the foregoing and confirmed that he was fully aware that, if the District Judge did not follow the recommendations in the plea agreement, he would not be allowed to withdraw his plea of guilty solely because he received a sentence higher than he expected.

### C. Voluntariness

In considering the plea agreement, Defendant acknowledged that the plea agreement contains all of the promises and agreements the he made with the Government and that no one made any other or different promise or assurance of any kind in exchange for his guilty plea, other than the recommendations set forth in the plea agreement. Defendant indicated that he was not being induced to plead guilty, that he was entering such plea freely and voluntarily because in fact he is guilty, and that no one has threatened him or offered a thing of value in exchange for his plea. Defendant understood that the offenses to which he is pleading guilty are felonies and that, if the plea is accepted, he will be adjudged guilty of those offenses, and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm. Throughout the hearing, Defendant was free to consult with his attorney and he confirmed that his agreement to plead guilty was made knowingly and voluntarily.

### D. Maximum Penalties

Upon questioning, Defendant expressed his understanding of the statutory maximum penalties for the offenses to which he was pleading guilty. Count One of the Indictment carries a term of imprisonment which shall not be less than ten (10) years and up to two (2) terms of life; a fine not to exceed twenty million dollars ($20,000,000.00); and a term of supervised release of not less than ten (10) years, in addition to any term of incarceration, pursuant to Title 21 U.S.C. §§ 841(b)(1)(A), 846, and 860. However, based on the stipulated and agreed amount of narcotics possessed by the Defendant, that is, at least 400 grams but less than 500 grams of cocaine,

5

USA v. David García Pagán
Cr. No. 16-440 (PAD)
**Report and Recommendation on Guilty Plea**

Defendant faces a minimum term of imprisonment of one (1) year up to a maximum term of forty (40) years of imprisonment, a fine not to exceed two million dollars ($2,000,000.00), and a term of supervised release of at least six (6) years, in addition to any term of incarceration, pursuant to Title 21 U.S.C. §§ 841(b)(1)(C), 846, and 860. The maximum statutory penalties for Count Six of the Indictment are a minimum term of imprisonment of five (5) years and a maximum term of imprisonment of life pursuant to Title 18 U.S.C. § 924(a)(2); a fine not to exceed two hundred and fifty thousand dollars ($250,000.00) pursuant to Title 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than five (5) years[1], pursuant to Title 18 U.S.C. § 3583(b)(1). In addition, a Special Monetary Assessment of one hundred dollars ($100.00) per count of conviction would be imposed, to be deposited to the Criminal Victims Fund, pursuant to Title 18, United States Code, Section 3013(a). Defendant indicated that he understood the maximum penalties for Counts One and Six of the Indictment, that the offenses charged are felonies, and the potential consequences of the guilty plea, such as the deprivation of certain valuable rights.

    The Court then explained the nature of supervised release and the consequences of violating the conditions of supervised release. Specifically, Defendant was informed that, if supervised release is revoked, he may be required to serve an additional term of imprisonment up to the full time of the term of supervised release. And that, if he is currently on supervised release in a different case than the one object of the Indictment here, his plea of guilty, if accepted, could result in negative consequences, such as the revocation of his supervised release in that other case.

    The Court further advised Defendant that in certain cases the Court may also order, or be required to order, that Defendant pay restitution to any victim of the offense, and the Court may also require him to forfeit certain property to the Government.

    Defendant was also informed that any sentence imposed in this case could be imposed to run concurrently or consecutively to any sentence he may be currently serving in another case.

---

[1] In page 3 of the Plea and Forfeiture Agreement at Docket No. 2223, the parties incorrectly stated that the maximum term of supervised release applicable to the charge in Count Six of the Indictment is three (3) years rather than five (5) years. This matter was discussed among counsel prior to the hearing and counsel for the defense was granted an opportunity to meet privately with Defendant to explain the matter and obtain his consent to revise the Plea and Forfeiture Agreement accordingly. During the hearing, Defendant answered that he understood and agreed that the maximum term of supervised release for the charge in Count Six of the Indictment is five (5) years. Defendant informed that he agreed to revise the Plea and Forfeiture Agreement accordingly. The parties were granted ten (10) days to submit the revised executed Plea and Forfeiture Agreement. After much unexplained delay, the same was filed at Docket No. 2269.

### E. Sentencing Procedure

Defendant was informed that, in determining his sentence, the District Judge is required to consider, but not necessarily follow, the Sentencing Guidelines. Defendant confirmed that he discussed with his attorney how the Sentencing Guidelines might apply to this case. Defendant was specifically informed that the Court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate in the plea agreement or provided by his attorney, and that the Court had the authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines. Defendant was advised, and understood, that the Sentencing Guidelines are thus considered advisory, and that during sentencing the District Court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a), which include the seriousness of the offense, the need for deterrence of criminal conduct, the need to protect the public from further crimes, the need to provide Defendant with educational or vocational training, or medical care, and the need to provide restitution to any victims.

Defendant was advised that parole has been abolished and that, if he is sentenced to prison, he will not be released on parole.

Further, Defendant was advised of his right to appeal and that, under some circumstances, he or the Government may have the right to appeal the sentence imposed by the Court. But that, pursuant to his plea agreement, he is waiving his right to appeal both the judgment and sentence imposed by the Court, if the Court accepts his plea agreement and sentences him according to its terms, conditions, and recommendations. Defendant informed that he understood his right to appeal and that he voluntarily agreed to this waiver.

### F. Waiver of Constitutional Rights

Defendant was specifically advised that he has the right to persist in a plea of not guilty and that, if he does, he has the right to a speedy trial by jury, or trial before a judge sitting without a jury if the Court and the Government so agree; that at trial he would be presumed innocent and the Government would have to prove his guilt beyond a reasonable doubt; that he would have the right to the assistance of counsel for his defense, and that, if he could not afford one, an attorney would be appointed to represent him throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine the witness, the right to issue subpoenas or a compulsory process to compel the attendance of witness to testify at trial, and the right to decline to testify and

remain silent, unless he voluntarily elected to do so. Defendant was further advised that if he decided not to testify or put on evidence at trial, the failure to do so could not be used against him, and that at trial the jury would have to return a unanimous verdict before he could be found guilty or not guilty.

Defendant specifically acknowledged understanding these rights. He reaffirmed his understanding that by entering a plea of guilty there would be no trial and he would be waiving or giving up the rights that the Court explained.

### G. Offenses Charged and Factual Basis for the Guilty Plea

Defendant was read in open court Counts One and Six of the Indictment and was provided an explanation of the elements of the offenses, as well as the meaning of technical terms used in the Indictment to describe the offenses as charged. Defendant expressed that he understood the elements of the offenses and what the Government would have to prove beyond a reasonable doubt if he were to go to trial.

The Government explained the factual basis for the offenses and the evidence it would present if this case were to proceed to trial. Upon questioning, Defendant admitted to the facts, constituting all the elements of the offenses charged. Defendant admitted that he was pleading guilty because he is in fact guilty. Defendant pled guilty as to Counts One and Six of the Indictment.

## V. Conclusion

Defendant appeared before me, by consent, pursuant to Rule 11 of the Federal Rules of Criminal Procedures and entered a plea of guilty as to Counts One and Six of the Indictment.

After cautioning and examining Defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, the Court finds that the defendant, **David García-Pagán**, is fully competent and capable of entering this guilty plea, is aware of the nature of the charges and the maximum statutory penalties these carry, understands that the charges are supported by evidence and a basis in fact, has admitted to the elements of the offenses, and has done so in an intelligent and voluntary manner with knowledge of the consequences of his guilty plea.

I recommend that the Court accept the guilty plea and that Defendant be adjudged guilty as to Counts One and Six of the Indictment.

**USA v. David García Pagán**
**Cr. No. 16-440 (PAD)**
**Report and Recommendation on Guilty Plea**

**IT IS SO RECOMMENDED.**

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72 (d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. Failure to file timely and specific objections to the Report and Recommendation is a waiver of the right to review by the District Court. United States v. Valencia-Copete, 792 F. 2d 4 (1st Cir. 1986).

**A sentencing hearing will be scheduled by the presiding judge, Hon. Pedro A. Delgado Hernández.**

In San Juan, Puerto Rico, this 18th day of May 2021.

        s/Giselle López-Soler
        GISELLE LÓPEZ-SOLER
        United States Magistrate Judge